UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILLY JOE JOHNSON,

      Petitioner,

          v.                            CAUSE NO. 3:26-CV-507-JD-JEM

SHERIFF,

      Respondent.

OPINION AND ORDER

Billy Joe Johnson, a prisoner without a lawyer, sent the clerk a conviction habeas corpus form, but he is not challenging a conviction. ECF 1. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Such is the case here. Johnson alleges he is being subjected to various inhumane punishments causing him pain and he seeks $700,000. ECF 1. That relief is not available in a habeas case. Habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). What Johnson is trying to do is bring a civil rights lawsuit under 42 U.S.C. § 1983. This case will be dismissed and he will be sent the necessary form to file a civil rights case.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that

reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Johnson to proceed further with this habeas case.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it plainly appears he is not entitled to habeas corpus relief;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DIRECTS the clerk to send Billy Joe Johnson a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on May 28, 2026

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

2